IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-68-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARCUS TERRELL BURNEY, | ) | |
| | ) | |
| Defendant. | ) | |

On February 27, 2013, a jury convicted Marcus Terrell Burney ("Burney") of possession with the intent to distribute a quantity of cocaine base (crack), a quantity of cocaine, and a quantity of hydrocodone. See [D.E. 66, 116]. On October 1, 2014, the court held Burney's sentencing hearing. See Sentencing Tr. [D.E. 123]. At the hearing, the court adopted the facts set forth in the Revised Presentence Investigation Report ("PSR") [D.E. 93] and addressed Burney's objections. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. at 3–14. The court calculated Burney's total offense level to be 24, his criminal history category to be III, and his advisory guideline range to be 63 to 78 months' imprisonment. See Sentencing Tr. at 13–14. The court then upwardly departed under U.S.S.G. § 4A1.3 to criminal history category IV. See id. at 14–20. Thus, Burney's advisory guideline range became 77 to 96 months' imprisonment. Id. at 20. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Burney to 96 months' imprisonment. See id. at 20–28. The court also announced the same alternative variant sentence. See id. at 27–28; United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011).

Burney appealed. On October 1, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Burney's sentence. See United States v. Burney, 618 F. App'x 754, 754–55 (4th

Cir. 2015) (per curiam) (unpublished).

On July 14, 2015, Burney moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 131]. On March 10, April 11, May 9, and November 22, 2016, Burney supplemented his motion [D.E. 136, 137, 138, 139]. Burney's new advisory guideline range under Amendment 782 is 51 to 63 months' imprisonment, based on a total offense level of 22 and a criminal history category of III. See Resentencing Report. Burney requests a 78-month sentence. See id.; [D.E. 136, 137, 138, 139].

The court has discretion to reduce Burney's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Burney's sentence, the court finds that Burney engaged in serious criminal behavior. Moreover, Burney is a recidivist, with convictions for larceny, reckless driving to endanger, carrying a concealed weapon, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. See PSR ¶¶ 8–13. Burney also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 12–13, 28–34. Finally, Burney has taken some positive steps while incarcerated on his federal sentence. See [D.E. 136, 137, 138, 139]; Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

2

Having reviewed the entire record and all relevant policy statements, the court finds that Burney received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Burney's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Burney's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Burney's motion for reduction of sentence [D.E. 131].

SO ORDERED. This 5 day of July 2017.

                                              JAMES C. DEVER III
                                              Chief United States District Judge